UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-21053-MOORE/Elfenbein

**JOSHUA-MICHAEL VAN SCHAICK**,

    Petitioner,

v.

**STATE OF FLORIDA**, *et al.*,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on *pro se* Petitioner Joshua-Michael Van Schaick's ("Petitioner") Petition for Writ of Quo Warranto ("Petition"). *See generally* ECF No. [1]. The Honorable K. Michael Moore has referred this matter to me "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." ECF No. [5]. Following the referral, I conducted a preliminary review of the record and concluded that the Petition contained insufficient jurisdictional allegations. *See* ECF No. [11]; *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)). Nevertheless, because Petitioner is proceeding *pro se*, I allowed him to clarify his jurisdictional arguments and ordered him to show cause why the Court should not dismiss the case for want of subject-matter jurisdiction. *See* ECF No. [11]. Petitioner responded to my Order to Show Cause but did not plead an adequate basis on

which the Court can exercise subject-matter jurisdiction. *See generally* ECF No. [13].[1] After closer examination of the Petition, I find it is properly construed as a Notice of Removal filed under 28 U.S.C. § 1455 because Petitioner is attempting to remove his state court criminal case. *See generally* ECF No. [10]; ECF No. [12]; *see* ECF No. [1-2] at 1; ECF No. [1] at 2; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed[.]" (quotation omitted)). I have reviewed the Petition in light of the relevant law and conclude that Petitioner has failed to establish a statutory basis for the removal of his ongoing state court criminal case. Thus, I respectfully **RECOMMEND** that this case be **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**I.     BACKGROUND**

In this case, Petitioner claims that the Court has authority to adjudicate the Petition based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and diversity jurisdiction, pursuant to 28 U.S.C. § 1332. *See* ECF No. [1] at 2; ECF No. [1-2] at 1. Petitioner names (1) the State of Florida, (2) the Miami-Dade Police Department, (3) Anthony Santillan, (4) Yimi Bonilla, (5) Samuel Shirley, (6) Martin Morales, (7) Janice Bonilla, (8) Astrid Mohamed, (9) Stephanie Daniels, and (10) Katherine Toyos[2] as Respondents,[3] but Petitioner does not list the citizenship

---

[1] Petitioner styles his filing at docket entry 13 as an "Answer[,]" but clarifies that his Answer is responding to the Order to Show Cause. *See* ECF No. [13] at 1. Therefore, I construe the pleading as Petitioner's Response to the Order to Show Cause and refer to it as such in this Report.

[2] Petitioner filed a Motion for Leave to Amend the Petition, to which he attaches his Amended Petition. *See generally* ECF No. [6]; ECF No. [6-1]. I have compared the Petition against the proposed Amended Petition and the only difference between the two pleadings is the addition of Stephanie Daniels and Katherine Toyos as Respondents. *See* ECF No. [6] at 2; *see generally* ECF No. [6-1]. Furthermore, because the Amended Petition is substantively identical to the Petition, it also fails to establish a basis for removal or subject matter jurisdiction.

[3] Although Petitioner does not list Katherine F. Rundle as a Respondent in either the Petition or his proposed Amended Petition, he lists her among the other Respondents in the case caption of his Response. *See* ECF No. [13] at 1.

of each Respondent in either the Petition or his subsequent filings. *See generally* ECF No. [1]; ECF No. [6]; ECF No. [13]; ECF No. [14]; ECF No. [16]; ECF No. [18].

The Petition is far from a model of clarity, and its factual basis is difficult to discern. At no point in the Petition does Petitioner establish a factual link between the Respondents and his claims for relief — whatever those may be. Instead, Petitioner primarily uses the Petition to summarize and quote federal law relating to jurisdiction and standing without explaining how the cited law has any bearing on the relief he seeks. *See generally* ECF No. [1].

Petitioner's Response to the Order to Show Cause gives some clarity to the issues he raises. Much like the Petition, the Response is chock-full of immaterial references; specifically, Petitioner provides definitions of legal terms, citations to various state and federal court cases, "[m]axims of [l]aw[,]" and a bible verse. ECF No. [13] at 2; *see generally id.* However, once I cut away the bramble, it becomes clear that Petitioner is attempting to remove his ongoing state court criminal case, which stems from a charge of resisting an officer without violence. *See* ECF No. [12] at 5.[4] In the Response, Petitioner states that he was "forcibly removed [by unidentified individuals] from [his] [p]rivate automobile . . . with no warrantable and justifiable reasonable articulable suspicion [] of a crime." ECF No. [13] at 3. Petitioner states in his Notice of Removal to Federal Court, ECF No. [10], and Notice of Filing an Exhibit, ECF No. [12], that he is seeking to remove his state court case — case number B-23-012954 — to this Court; and when I review the docket in Petitioner's state court case, it shows that Petitioner faces a charge of resisting an officer without violence, *see* Charges, *State v. Van Schaick*, No. B-23-012954.[5] Thus, I can conclude, when

---

[4] Indeed, Petitioner filed a copy of the Complaint/Arrest Affidavit in the record, and it confirms that, on July 3, 2023, he was arrested for, among other things, resisting an officer without violence, in violation of Florida Statute § 843.02. ECF No. [12] at 5.

[5] The Court takes judicial notice of the state court docket in case number B-23-012954. *See Paez v. Sec'y,*

3

reading Petitioner's several filings together — and in light of the state court docket in case number B-23-012952 — that Petitioner is attempting to remove his state court case.

## II.    LEGAL STANDARDS

"Jurisdiction is essentially [a court's] authority . . . to decide a given type of case one way or the other[.]" *Hagans v. Lavine*, 415 U.S. 528, 538 (1974) (citation omitted). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A district court's subject-matter jurisdiction is limited to one of three types: "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) (quoting *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)). "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted). Courts must inquire into the question of their jurisdiction over cases pending before them. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." (citations omitted)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

*Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020) (citing Fed. R. Evid. 201(b)). Consistent with the Court's exercise of judicial notice, the Clerk is **INSTRUCTED** to include as part of the record in this case the Eleventh Judicial Circuit's docket in case number B-23-012954, available at https://www2.miamidadeclerk.gov/cjis/CaseSearch.aspx (last accessed Apr. 12, 2024).

4

**III.    DISCUSSION**

As discussed in this section, I conclude that (1) Petitioner mislabels ECF No. [1] as a Petition and that it is properly construed as a Notice of Removal; (2) Petitioner does not plead statutorily defined circumstances that allow for the removal of his ongoing state court criminal proceedings; and (3) even if the Petition should be construed as a Complaint, the pleading is subject to dismissal because Petitioner failed to plead facts establishing either federal question or diversity jurisdiction.  I explain my reasoning below.

**A.    Construing the Petition**

Before proceeding to my analysis of Petitioner's jurisdictional claims, I must determine the nature of the Petition.  Although Petitioner labels it as a Petition for Writ of Quo Warranto, Petitioner cannot, as a matter of law, bring an action under this extraordinary writ.  It is well-settled law that "only the sovereign can bring a *quo warranto* action." *Greer-El v. Alabama*, No. 15-cv-435, 2015 WL 4477466, at *3 (M.D. Ala. July 22, 2015) (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933)).  Since Petitioner is neither "the sovereign, [n]or some representative of the sovereign[,]" Petitioner has no authority to invoke the writ.  *Country Club Ests., L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1003 (8th Cir. 2000); *see also* ECF No. [15] at 2 (attaching letters "verifying [Petitioner's] status as one of We the People").

However, because Petitioner is proceeding *pro se,* I "have an obligation to look behind the label of [the Petition] . . . and determine whether the [Petition] is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) (citation omitted).  As discussed above, Petitioner is attempting to remove his state court

criminal case. *See* discussion *supra* Background. In light of that determination, I find that the Petition is properly construed as a Notice of Removal.[6]

**B.      The Requirements of 28 U.S.C. § 1455**

The instant case is subject to summary remand because Petitioner fails to plead facts that allow for the removal of his ongoing state court criminal proceedings pursuant to 28 U.S.C. § 1455. Under § 1455, a defendant seeking removal of his state court criminal case must file a notice of removal in the United States district court "for the district and division within which such prosecution is pending[.]" 28 U.S.C. § 1455(a). Section 1455 requires that the notice contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon" the defendant in the action he attempts to remove. *Id*. Section 1455 further mandates that the notice provide "all grounds" for removal and that the notice be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." *Id.* at (b)(1)-(2). Importantly, whenever a notice of removal is filed pursuant to § 1455, the court must "examine the notice promptly[, and] [i]f it clearly appears on the face of the notice . . . that removal should not be permitted, the court shall make an order for summary remand." *Id.* at (b)(4). The Eleventh Circuit has directed us to construe this and other federal "removal statutes strictly" and resolve "all doubts about jurisdiction . . . in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941) and *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); other citation omitted).

Petitioner fails to fulfill all the requirements of § 1455. First, nowhere in the Petition or its associated filings does Petitioner provide "a short and plain statement of the grounds for removal." 28 U.S.C. § 1455(a). Instead, he leaves the Court to wade through paragraphs of seemingly

---

[6] Rather than add another layer of confusion to this case by relabeling the Petition at this late stage, I will continue referring to the Notice of Removal as the Petition.

6

immaterial information, guessing at which of his arguments may or may not form the basis of this action's removal. *See generally* ECF No. [1]; ECF No. [12]; ECF No. [13]; ECF No. [18]. Second — and perhaps most importantly, the Petition is untimely. A review of the state court docket reveals that Petitioner was arraigned on July 4, 2023. *See* Arraignment, *State v. Van Schaick*, No. B-23-012954 (Fla. 11th Cir. Ct. July 4, 2023). Because Petitioner failed to file the Petition within 30 days of his arraignment — and does not argue good cause for this delay, the Petition is untimely. *See* 28 U.S.C. § 1455(b)(1); ECF No. [1] at 1 (reflecting a file date of March 18, 2024); *see generally* ECF No. [12]; ECF No. [13]; ECF No. [18]. The Petition's procedural shortcomings under 28 U.S.C. § 1455 alone warrant the summary remand of the instant case to state court.[7]

Still, even if Petitioner satisfied the procedural requirements of 28 U.S.C. § 1455, he would not be entitled to removal on the merits. "Federal law provides limited circumstances in which a state criminal prosecution may be removed to federal court, including certain prosecutions against or directed to officers of the United States and members of the armed forces of the United States." *Fla. Martin Cnty. v. Malvezzi*, No. 2:23-CV-14388-KMM, 2023 WL 9106240, at *1 (S.D. Fla. Dec. 12, 2023) (Moore, J.) (citing 28 U.S.C. §§ 1442(a) and 1442a), *appeal dismissed*, No. 23-14176-HH, 2024 WL 1281399 (11th Cir. Feb. 16, 2024).

> Federal law also provides that a defendant may remove a state criminal prosecution:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

---

[7] Additionally, Petitioner does not provide any of the "pleadings[ or] orders served upon" him in the state court criminal action he is attempting to remove to this Court other than the Complaint/Arrest Affidavit and traffic citations filed in the record at ECF No. [12]. 28 U.S.C. § 1455(a).

*Id.* at *2 (quoting 28 U.S.C. § 1443). As to § 1443(1), "[t]he phrase 'any law providing for . . . equal civil rights' refers to laws 'providing for specific civil rights stated in terms of racial equality,' and does not include rights of 'general application available to all persons or citizens.'" *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). A defendant's "right[s] to a fair trial and equal protection of the laws . . . do not arise from legislation providing for specific civil rights in terms of racial equality[.]" *Conley*, 245 F.3d at 1295 (quoting *Sunflower Cnty. Colored Baptist Ass'n v. Trustees of Indianola Mun. Separate Sch. Dist.*, 369 F.2d 795, 796 (5th Cir. 1966)).[8] Next, to satisfy § 1443(2), a petitioner seeking removal must show that the civil right identified under § 1443(1) cannot be enforced in the state courts due to "a formal expression of state law." *Conley*, 245 F.3d at 1295 (quoting *Rachel*, 384 U.S. at 803).

Taking 28 U.S.C. §§ 1442 and 1442a first, removal is inappropriate under these statutes because Petitioner does not claim to be either a federal officer or a member of the armed forces or that his ongoing state court criminal prosecution is due to his membership in these groups. *See generally* ECF No. [1]; ECF No. [13]; ECF No. [18]. Nor could he, as the state court docket shows that Petitioner's ongoing state court criminal proceedings stem from a charge of resisting an officer without violence. *See* Charges, *State v. Van Schaick*, No. B-23-012954; ECF No. [12] at 5 (stating, in the arrest affidavit, that Petitioner was detained for knowingly driving with an expired license and vehicle registration and for resisting an officer without violence).

Similarly, any attempt by Petitioner to remove his state court case under 28 U.S.C. § 1443 would be unworkable. Petitioner "fails to cite as the basis for removal any federal civil rights law

---

[8] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered before the close of business on September 30, 1981. *See id.* at 1207.

'providing for specific civil rights stated in terms of racial equality[,]'" *Malvezzi*, 2023 WL 9106240, at *2 (quoting *Conley*, 245 F.3d at 1295), and fails to assert that state law prevents a Florida court from enforcing his rights. *See generally* ECF No. [1]; ECF No. [13]; ECF No. [18].

In sum, Petitioner fails to establish a statutory basis on which he could remove his state court criminal case to federal court, requiring summary remand pursuant to 28 U.S.C. § 1455(b)(4).

### C.   Diversity or Federal Question Jurisdiction

Even if I analyzed the Petition through a different lens, such as a Complaint, rather than a Notice of Removal, it would be subject to dismissal because Petitioner fails to plead a jurisdictional basis on which the Court can adjudicate the Petition. As discussed in the Background section, Petitioner claims that the Court has jurisdiction on the grounds that he has presented a federal question and the parties are diverse. *See* discussion *supra* Background. Petitioner is wrong on both counts.

First, Petitioner fails to plead any facts establishing federal question jurisdiction. Under 28 U.S.C. § 1331, a federal court may exercise jurisdiction over a case if it presents a question of federal law. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer,* 154 F.3d 1280, 1282 (11th Cir. 1998) (citation omitted). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The federal question must be essential to the plaintiff's cause of action. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). In determining the presence of a federal question, this Court looks to the substance, not

9

the labels, of a plaintiff's claims as contained in the factual allegations in the complaint. *See Mosher v. City of Phoenix*, 287 U.S. 29, 30 (1932).

Here, the Petition falls short of satisfying the "well-pleaded complaint rule." While the Petition and its associated filings are replete with references to federal law, Petitioner — in almost every instance — fails to establish the jurisdictional link between the cited law and the facts of his case, and recitations alone will not serve to establish federal question jurisdiction. *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [] a [federal] question must be more than incantation. While jurisdiction does not depend on the contention having ultimate merit, its mere recital cannot confer jurisdiction if the contention is frivolous or patently without merit." (citations omitted)); *see also Bell v. Hood*, 327 U.S. 678, 682 (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction[.]"); *see generally* ECF No. [1]; ECF No. [6]; ECF No. [13]; ECF No. [18]. The only exception to this observation is a *legal conclusion* in the Response where Petitioner states "the manner in which [he] was detained was a violation of [his] [Fourth] Amendment Right of the Constitution for the [U]nited States of America and was without Proper Due Process of Law." ECF No. [13] at 6. However, because Petitioner provides no facts or detail describing the alleged constitutional violation beyond the legal conclusion, I find that Petitioner's passing reference to the Fourth Amendment is too insubstantial to establish federal question jurisdiction. *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 344 (5th Cir. 1977) ("We hold that the district court was without power to entertain this federal question case otherwise within its jurisdiction because the claim asserted is 'so attenuated and unsubstantial as to be absolutely devoid of merit[.]'" (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561,

10

579 (1904))). Despite entering an Order to Show Cause, requiring that Petitioner set forth facts to establish the basis for federal question jurisdiction, he failed to plead such facts and, therefore, failed to establish federal question jurisdiction under 28 U.S.C. § 1331. *See generally* ECF No. [11]; ECF No. [13].

Petitioner's attempt to establish diversity jurisdiction is similarly unavailing. Jurisdiction based on diversity of citizenship exists in civil actions where the amount in controversy exceeds $75,000, and the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. *See Hendry v. Masonite Corp.*, 455 F.2d 955, 955 (5th Cir. 1972). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom. . . .'" *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974), *cert. denied*, 419 U.S. 842 (1974) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). "Diversity jurisdiction requires *complete diversity*; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis added; citation omitted).

In my Order to Show Cause, I advised Petitioner that he would need to list "the citizenship of the parties [and] the amount in controversy" to meet the requirements of 28 U.S.C. § 1332. ECF No. [11] at 2. Petitioner did not heed my advice, failing to list the amount in controversy or list the citizenship of each Respondent in either his Response or its associated filings.[9] *See generally*

---

[9] Petitioner states in the Response's supporting Memorandum that "Party (B) is incorporated and has its principal place of business in the State of Florida." ECF No. [18] at 7. If Petitioner is referring to one of the Respondents when he mentions "Party (B)," this reference alone would defeat his claim to diversity jurisdiction, assuming "Party (B)" was a real party in interest. *Id.*; *see also Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1318 (11th Cir. 2017) ("Because RSGO is a real party in interest, its non-diverse citizenship destroys federal jurisdiction for this case.").

11

ECF No. [12]; ECF No. [13]; ECF No. [18]. Petitioner, therefore, failed to plead facts establishing diversity jurisdiction under 28 U.S.C. § 1332.[10]

## IV.   CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that**:**

1. This case be **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida or alternatively that the Petition, **ECF No. [1]**, be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

2. Petitioner's Motion for Leave to Amend, **ECF No. [6]**, and Motion for Court Ordered Issuance of Summons, **ECF No. [7]**, be **DENIED AS MOOT**.

Additionally, I am **INSTRUCTING** the Clerk of Court to include as part of the record in this case the Eleventh Judicial Circuit's docket in case number B-23-012954, available at https://www2.miamidadeclerk.gov/cjis/CaseSearch.aspx (last accessed Apr. 12, 2024).

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal

---

[10] It also bears mentioning that Petitioner named the State of Florida and the Miami-Dade Police Department as Respondents. It is well-settled law that diversity jurisdiction cannot exist when the State, or an arm of the State, is a real party in interest. *See Univ. of S. Ala.*, 168 F.3d at 412; *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014) ("And in cases involving a State or state official, we have inquired into the real party in interest because a State's presence as a party will destroy complete diversity." (citing *Mo., Kan. & Tex. Ry. Co. v. Hickman*, 183 U.S. 53, 58-59 (1901))). However, I cannot readily discern whether the State of Florida or the Miami-Dade Police Department are real parties in interest due to the Petition's poorly-pled nature, *see generally* ECF No. [1]; ECF No. [12]; ECF No. [13]; ECF No. [18]. In any event, this distinction is ultimately of no consequence, considering that Petitioner fails to state an amount in controversy which, alone, fatally undermines his claim to diversity jurisdiction, *see Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("For federal diversity jurisdiction to attach, . . . the amount in controversy must exceed $75,000[.]" (footnote call numbers omitted; citing 28 U.S.C. 1332(a); other citations omitted)).

CASE NO. 24-CV-21053-MOORE/Elfenbein

conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE and SUBMITTED** in Chambers in Miami, Florida on April 12, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record